IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02541-BNB

MARION HARPER, III, and
MONTGOMERY W. COYOTE,

    Plaintiffs,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept.,
MONTEZUMA COUNTY BOARD OF COMMISSIONERS,
CITY OF CORTEZ, Colorado,
ANGELO MARTINEZ, Cortez Police Dept.,
RUSSELL WASLEY, 22 Judicial District Attorney,
J. E. LAWRENCE, 22 Judicial District County Judge,
DOUGLAS WALKER, 22 Judicial District Judge, and
TODD PLEWE, 22 Judicial District Judge,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Marion Harper, III, has filed *pro se* a Complaint. The court must construe the Complaint liberally because Mr. Harper is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harper will be ordered to file an amended complaint.

    The court has reviewed the Complaint filed by Mr. Harper and finds that the Complaint is deficient. First, Mr. Harper may not assert claims on behalf of other individuals, and he may not list other individuals as Plaintiffs in a pleading that only he

has signed because a *pro se* litigant may not represent other *pro se* litigants in federal court.  See 28 U.S.C. § 1654.  Therefore, Mr. Harper may pursue only his own individual claims in this action.

      Second, the Complaint also is deficient because Mr. Harper fails to list the Defendants properly in the caption and he fails to provide an address for each named Defendant.  Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line.  The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."  Regardless of who Mr. Harper names as Defendants, he must provide a complete address for each named Defendant so that they may be served properly.

      Finally, the court also finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harper fails to provide a short and plain statement of each of his claims showing that he is entitled to relief. Mr. Harper first asserts a due process claim against Defendant Montezuma County Undersheriff Robin Cronk who allegedly arrested Mr. Harper without legal authority on October 17, 2011. Mr. Harper also claims that his constitutional rights were violated by Defendant Angelo Martinez, a police officer for the City of Cortez, Colorado, because Officer Martinez allegedly harassed and threatened Mr. Harper and arrested him without a warrant or probable cause on July 30, 2013. However, it is not clear what other claims, if any, Mr. Harper may be asserting against these two Defendants or what claims he is asserting against any other Defendant in this action. Therefore, Mr. Harper will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue any other claims in this action.

In order to state a claim in federal court, Mr. Harper "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, to the extent Mr. Harper is asserting claims against municipal entities, he must identify a municipal policy or custom that caused the alleged violations of his rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010)

(discussing Supreme Court standards for municipal liability). Finally, Mr. Harper is advised that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Harper file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Harper shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Harper fails within the time allowed to file an amended complaint that complies with this order, the court will dismiss without further notice any claims that do not comply with the pleading requirements of Rule 8.

DATED September 17, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge