IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02541-BNB

MARION HARPER, III, and
MONTGOMERY W. COYOTE,

      Plaintiffs,

v.

ROBIN CRONK, Montezuma County Sheriff's Dept.,
MONTEZUMA COUNTY BOARD OF COMMISSIONERS,
CITY OF CORTEZ, Colorado,
ANGELO MARTINEZ, Cortez Police Dept.,
RUSSELL WASLEY, 22 Judicial District Attorney,
J. E. LAWRENCE, 22 Judicial District County Judge,
DOUGLAS WALKER, 22 Judicial District Judge, and
TODD PLEWE, 22 Judicial District Judge,

      Defendants.

## ORDER OF DISMISSAL

Plaintiff Marion Harper, III, initiated this action by filing *pro se* a Complaint (ECF No. 1). Although Montgomery W. Coyote also is listed as a Plaintiff in the caption of the Complaint, only Mr. Harper has signed the Complaint. Therefore, Montgomery W. Coyote will be dismissed as a party to this action.

On September 17, 2013, Magistrate Judge Boyd N. Boland entered orders granting Mr. Harper leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directing him to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically noted in that order that the claims Mr. Harper is asserting in this

action were not clear, with the exception of a due process claim against Montezuma County Undersheriff Robin Cronk and a constitutional claim against City of Cortez Police Officer Angelo Martinez.  Magistrate Judge Boland warned Mr. Harper that, if he failed to file an amended complaint within thirty days, any claims that do not comply with the pleading requirements of Rule 8 would be dismissed without further notice.

Mr. Harper has not filed an amended complaint as directed.  Therefore, the Court will consider Mr. Harper's claims as they are set forth in the Complaint.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court has reviewed the Complaint and agrees with Magistrate Judge Boland that, with the exception of Mr. Harper's claims against Defendants Cronk and Martinez mentioned above, the Complaint fails to comply with the pleading requirements of Rule 8. Therefore, with the exception of those two claims, the Complaint will be dismissed for failure to comply with Rule 8.

The Court next will consider Mr. Harper's claims against Defendants Cronk and Martinez. Mr. Harper has been granted leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss Mr. Harper's claims against Defendants Cronk and Martinez if those claims are frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Harper's claims against Defendants Cronk and Martinez are legally frivolous and malicious because Mr. Harper is asserting nearly identical claims against those Defendants in another action pending in the District of Colorado. *See Harper v. Cronk*, No. 12-cv-02429-CMA-KLM (D. Colo. filed Sept. 13, 2012). Mr. Harper's only remaining claims in case number 12-cv-02429-CMA-KLM are the claims against Defendants Cronk and Martinez.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has

consulted its records and finds that the claims against Defendants Cronk and Martinez in the instant action are repetitive of the remaining claims in case number 12-cv-02429-CMA-KLM.  Therefore, the claims against Defendants Cronk and Martinez will be dismissed as legally frivolous and malicious.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for the reasons specified in this order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   23rd   day of    October       , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court